The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLES ELLIS, | ) |
| | ) |
| Plaintiff, | ) No. 20-cv-01283-JCC |
| | ) |
| vs. | ) STIPULATED PROTECTIVE ORDER |
| | ) |
| KING COUNTY, KING COUNTY ADULT CORRECTIONS, and KING COUNTY CORRECTION OFFICERS J. HEINSOHN, K. RAINWATER, J. REYES, R. CHRISTENSON, C. JOHNSON, J. GOLLIHUGH, JOHN DIAZ, OTHER EMPLOYEES AND OR OFFICIALS AND JANE AND JOHN DOE 1-30, as Employees and in their Individual Capacities, | ) |
| Defendants. | ) |

Pursuant to CR 26(c), the parties to this action, by and through their respective counsel, hereby stipulate to the entry of this Protective Order for the contents of Department of Adult and Juvenile Detention (DAJD) personnel files as follows:

1. This Protective Order shall apply to documents, materials, and information contained in the DAJD personnel files provided in this case. As used in this Protective Order, "document" is defined as provided in CR 34(a)(1). A draft or non-identical copy is a separate document within the meaning of this term.

2. Documents, communications, including email, and other information enumerated above and contained in these files shall not be disclosed, disseminated or used for any purpose

STIPULATED PROTECTIVE ORDER - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191

except the prosecution, defense, preparation and trial of this case, including attempts to settle this litigation and any appeals; HOWEVER, the parties agree to redact sensitive file materials before filing them with the court.

3. The protections by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial.

4. Documents, communications, including email, and other information enumerated above shall not, without the consent of the party producing it or further order of the Court, be disclosed or disseminated, except that such information may be disclosed or disseminated to:

(a) Attorneys of record for either party;

(b) Persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) The parties and their designated representatives including insurance adjusters;

(d) Expert witnesses and consultants retained in connection with this proceeding, to the extent reasonably necessary for this litigation;

(e) The Court and its employees ("Court Personnel");

(f) Stenographic reporters and their staff employed in connection with the above-captioned suit and any appeals therefrom;

(g) Deponents, witnesses, or potential witnesses (and their counsel, if any);

(h) Copy or imaging services retained by counsel to assist in the duplication of confidential information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential information to third parties and to immediately return all originals and copies of any confidential information;

STIPULATED PROTECTIVE ORDER - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191

        (i)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (j)      Mediators or other persons engaged in alternative dispute resolution; and

        (k)      Other persons by written agreement of the parties or order of the Court.

5. Disclosure or discovery of documents or material that qualifies for protection under this agreement must be designated before or when the material is disclosed or produced. However, an inadvertent failure to designate qualified material as "confidential" does not, standing alone, waive the designating party's right to secure protection under this Order for such materials so long as the documents have not previously been filed with the Court and are so designated by no later than the date established by the Court for the cutoff of discovery.

6. Defendant King County will redact sensitive personal information contained in personnel files being produced.

7. With respect to documents or information contained in said documents to be used at trial, the Court ordinarily will treat trial exhibits and testimony as a matter of public record. The parties, however, shall meet and confer before the Pretrial Conference to attempt to reach an agreement about the confidentiality of documents or information in said personnel files to be used at trial and a method for maintaining the confidentiality of such information. At the Pretrial Conference, the parties may present, by motion or stipulation, a proposed method for maintaining confidentiality. Nothing in this paragraph, however, shall be construed as constraining the Court's authority to treat trial exhibits and testimony as matters of public record.

8. This Order shall be governed by Evidence Rule 502 (d) and is entered pursuant to Civil Rule 26(c).

9. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191

receiving parties are those set forth in Civil Rule 26(b)(6). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Evidence Rule 502.

10. With respect to documents or information contained in documents received in discovery from the Department of Adult and Juvenile Detention, within sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof shall be returned to King County and its legal representative, the Prosecuting Attorney's Office, or the parties may elect to destroy said documents. Where the parties agree to destroy documents, the destroying party shall provide a written notice confirming the destruction. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, discovery, and/or correspondence even if such materials contained in documents and/or information. Any such archival copies that contain or constitute personnel file documents and/or information remain subject to this Protective Order.

11. Any party may challenge a designation that the material or documents provided includes the contents of said documents at any time. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12. This Protective Order may be modified by the Court at any time following notice to all parties and an opportunity for them to be heard.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/   /

/   /

/   /

/   /

STIPULATED PROTECTIVE ORDER - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191

DATED this 1st day of March 2022.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

LAW OFFICES OF OSCAR DESPER

By: *s/ Carla B. Carlstrom*
CARLA B. CARLSTROM, WSBA #27521
Senior Deputy Prosecuting Attorney
Attorney for Defendant King County
Email: carla.carlstrom@kingcounty.gov

By: *s/ Oscar Desper*
OSCAR E. DESPER, WSBA #18012
Attorney for Plaintiff
Email: odesper@gmail.com

### ORDER

The Court having reviewed the foregoing stipulation of the parties, and being duly advised, hereby orders pursuant to CR 26(c) that the parties' disclosure and exchange of Confidential Information, as defined herein, shall be governed by the terms of this Order, and this Order is hereby approved and entered by the Court.

It is so ORDERED this 2nd day of March, 2022.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

*Presented by:*

DANIEL T. SATTERBERG
King County Prosecuting Attorney

*Approved as to form and for entry:*

LAW OFFICES OF OSCAR DESPER

By: *s/ Carla B. Carlstrom*
CARLA B. CARLSTROM, WSBA #27521
Senior Deputy Prosecuting Attorney
Attorney for Defendant King County
Email: carla.carlstrom@kingcounty.gov

By: *s/ Oscar Desper*
OSCAR E. DESPER, WSBA #18012
Attorney for Plaintiff
Email: odesper@gmail.com

STIPULATED PROTECTIVE ORDER - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191

# EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court Western District of Washington on _____, 2022 in the case of *Charles Ellis v. King County et al,* Cause No. 20-CV-01283-JCC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court Western District of Washington, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, WA 98101
(206) 477-1120   Fax (206) 296-0191